# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH DINGLE** | :CIVIL ACTION NO.: |
| | : |
| **V.** | : |
| | : |
| **SIGNATURE BUILDING SYSTEMS, INC.** | : 3 CV 06-1382 |

# PLAINTIFF'S PRE-TRIAL MEMORANDUM

Settlement discussions held by counsel on January 22, 2008. Plaintiff's counsel faxed Settlement Demand on 1/18/08. Plaintiff's counsel called defense counsel on 1/17/08 and 1/18/08. Defense counsel was informed by Plaintiff's counsel on 1/22/08 of date, time and place of Pre-Trial Conference, now scheduled for 1/24/08 at 1:30 P.M. Defense counsel could not recall receiving Notice.

A.  Federal court jurisdiction is based on Title VII of the Civil Rights Acts of 1964 and 1991, 42 USC § 2000e-5(f) et seq. and 28 USC § 1433(4) and 28 USC § 2201 and § 2202.

B.  Summary

Plaintiff is an African-American male who is now 47 years of age. He was employed by Defendant from May 29, 2002 until November 10, 2004. A confrontation occurred at Defendant's worksite between Plaintiff and a white co-worker. A white co-worker had used inflammatory racial slurs. The co-worker aggressively approached Plaintiff. Plaintiff protected himself, putting up his hands to block the co-worker. The co-worker had a reputation for fighting other employees. Plaintiff's employment was terminated by Defendant. However, the white employee was not disciplined in any way.

Plaintiff's work environment was hostile.  There were racially offensive comments which included those made by managers and supervisors.  At the time Plaintiff was fired he was either the lowest paid employee or at the bottom of the scale.  Less senior white employees were paid more.  He was paid approximately $11.50 per hour.  White employees were paid $13.00-$14.00 per hour.  Plaintiff was not offered overtime work or "road jobs" while white employees were.  On an on-the-job injury (nail shot through hand) Plaintiff was drug tested before being taken for medical treatment.  This differed from what occurred when a white employee sustained the same injury.  He received medical treatment first and may not have been drug tested.  His performance evaluation included negative comments in red ink. At the time that Plaintiff's employment was terminated, he was the only African-American employee.

C.   Undisputed facts (taken from Joint Case Management Plan).

Plaintiff is an African-American male who is now 47 years of age.  He was employed by Defendant from May 29, 2002 until November 10, 2004.  At the time of his termination, he earned $11.50 per hour.  The initial confrontation of 11/10/04 involved Plaintiff and Defendant's employee David Giles.  On an on-the-job injury (nail shot through hand) Plaintiff was drug tested before being taken for medical treatment.  The parties dispute reasons for termination, pay issues and application of work-place policies.

D.   Damages.

| | |
|---|---:|
| Special monetary damages:  Lost wages from 11/10/04 to 2/10/08 at $14.00 per hour for 40 hours per week: | $ 94,640.00 |
| Fringe benefits at approximately 20%: | $ 18,928.00 |
| Total past wage loss plus fringe benefits: | $113,568.00 |

2

| | |
|---|---|
| Special monetary damages: Lost wages from 11/10/04 to 2/10/08 at $11.50 per hour for 40 hours per week: | $ 77,740.00 |
| Fringe benefits at approximately 20%: | $  15,548.00 |
| Total past wage loss plus fringe benefits: | $ 93,288.00 |
| | |
| Billings from Geisinger Health System/David P. Hutz, M.D.: | $   1,093.00 |

Additionally, Plaintiff is entitled to lost overtime, possible promotions and front pay.

Additionally, Plaintiff is entitled to damages for humiliation, mental anguish and pain and suffering. Plaintiff has also requested punitive damages.

E. WITNESSES

Witnesses expected to be presented:

| | **Name** | **Title/Position** |
|---|---|---|
| 1. | Keith Dingle<br>40 Poplar Street<br>Wilkes Barre, PA | Plaintiff |
| 2. | Steve Becker | Defendant's Foreman |
| 3. | Ryan Awisato | Defendant's Employee |
| 4. | George Ramos | Defendant's Employee |
| 5. | Roy Moore | Defendant's Employee |
| 6. | Paul Marsala | Defendant's Plant Manager |
| 7. | Victor DePhillips | Defendant's Officer |
| 8. | Dave Jenkins | Defendant's Employee |
| 9. | David Giles | Defendant's Employee |
| 10. | Christine Bailey | Personnel Director |

    11.    Stephen J. Evers    Defendant's Officer

    12.    Defendant's Payroll Officer

    13.    Defendant's Benefits Officer

G.    Special comment about pleadings.

Plaintiff pleaded in the Complaint that he was awarded unemployment compensation benefits despite the Defendant's contest of Plaintiff's claims at an Unemployment Compensation Referee's Hearing which Defendant admitted factually but denied relevance.

H.    Legal issues.

Defendant is contesting whether racial discrimination occurred, which includes disparate treatment, whether Plaintiff mitigated his damages, Plaintiff's damages, whether Defendant violated Title VII and PHRA, whether Plaintiff is entitled to damages for pain and suffering, humiliation and mental anguish, and attorney's fees.

I.    Stipulations desired.

    1.    Plaintiff prevailed at Unemployment Compensation Hearing.

    2.    Plaintiff was the only African-American employee.

    3.    Defendant is an employer within the meaning of Title VII of the Civil Rights Act.

    4.    Plaintiff is an African-American.

    5.    Plaintiff is an adult citizen of the United States residing in Wilkes Barre, Pennsylvania.

    6.    Plaintiff's pay in November, 2004 was $11.50 per hour.

    7.    Plaintiff's fringe benefits were worth 20% of wages in November, 2004.

      8.    Plaintiff has adhered to all appropriate statutes of limitations.

J.    Estimated number of trial days: 3-4 days.

L.    List of Exhibits attachment.

O.    No videotapes or depositions will be used as evidence.

**Dated: January 22, 2008**        _____
                                                      **Signature Code:  hjs4963**
                                                      **HARRY J. SHER, ESQUIRE**
                                                      **ATTORNEY FOR PLAINTIFF**
                                                      **30 South 17th Street, Suite 1800**
                                                      **Philadelphia, PA 19103**
                                                      **215.893.8725**
                                                      **215.893.8719 - Fax**
                                                     **harrysher@verizon.net**
                                                     **Attorney Id. No. 17762**

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH DINGLE** | **:CIVIL ACTION NO.:** |
| | : |
| **V.** | : |
| | : |
| **SIGNATURE BUILDING SYSTEMS, INC.** | **: 3 CV 06-1382** |

## CERTIFICATION OF SERVICE

This certifies that on this day, I served the forgoing Plaintiff's Pre-Trial Memorandum upon Defendant by United States Postal Service, First Class Mail:

<u>*Via Fax:  570.558.9773*</u>
Robert  Charles Cordaro, Esquire
633 East Drinker Turnpike
Dunmore, PA 18512

**Dated: January 22, 2008**  _____
**Signature Code:  hjs4963**
**HARRY J. SHER, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**
**30 South 17th Street, Suite 1800**
**Philadelphia, Pa 19103**
**215.893.8725**
**215.893.8719 - Fax**
**harrysher@verizon.net**
**Attorney Id. No. 17762**

6